IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-HC-2171-F

ROGER STEVENSON,           )
                           )
            Petitioner,    )
                           )
     v.                    )          **ORDER**
                           )
SORRELL SAUNDERS,          )
                           )
            Respondent.    )

On August 1, 2013, Roger Stevenson ("Stevenson"), a state inmate proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with several supporting exhibits. Pet. [D.E. 1], Atts. [D.E. 1-1]. Stevenson seeks leave to proceed in forma pauperis [D.E. 2]. Stevenson has filed several motions, including a motion to appoint counsel [D.E. 3], motions for stay of the state court judgement and for a temporary restraining order [D.E. 4–5], and a motion for ruling on the petition [D.E. 6]. The court now conducts its initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Under Rule 4, the court must dismiss any petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases. The court may sua sponte dismiss a section 2254 petition without notice if "it is indisputably clear from the materials presented to the district court that the petition is untimely and cannot be salvaged by equitable tolling principles or any of the circumstances enumerated in [section] 2244(d)(1)." Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002); see Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656 (4th Cir. 2006). As explained below, the court dismisses Stevenson's petition as untimely.

I.

On March 27, 2005, in Pitt County Superior Court, Stevenson pleaded guilty to second-degree murder, felony breaking and entering, larceny, and possession of a firearm by a felon. See Pet. 1;[1] N.C. Dep't of Pub. Safety, Offender Pub. Info., http://webapps6.doc.state.nc.us/opi/view offender.do?method=view&offenderID=0389948&searchOffenderId=0389948&listurl=pagelisto ffendersearchresults&listpage=1 (last visited Mar. 18, 2014). The trial court sentenced Stevenson to 50 years' imprisonment on the second-degree murder conviction, and to consecutive terms of imprisonment totaling 27 years' imprisonment on the remaining convictions. Id. Stevenson did not appeal. Pet. 2. On March 22, 2013, in Pitt County Superior Court, Stevenson filed a petition for writ of habeas corpus, which the state court denied on April 10, 2013. Pet. 4, 13; see [D.E. 1-1] 3. Stevenson appealed, and on May 9, 2013, the Supreme Court of North Carolina dismissed the appeal. Pet. 13; see [D.E. 1-1] 2.

Stevenson signed his section 2254 petition on July 29, 2013, and filed it in this court on August 1, 2013. Pet. 15.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that any application for a writ of habeas corpus filed by a person in custody pursuant to the judgment of a state court be filed within one year of the latest of certain dates. 28 U.S.C. § 2244(d)(1); see Frasch v. Peguese, 414 F.3d 518, 521 (4th Cir. 2005). The limitation period begins running from the latest of:

---

[1] Stevenson failed to list his conviction for second-degree murder in his petition.

2

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).

The limitation period under section 2244(d)(1) is tolled during the time in which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 560 (4th Cir. 1999). An application for post-conviction or other collateral review is pending from initial filing in state court until final disposition in the highest state court. Taylor, 186 F.3d at 560–61. The period between when a petitioner's conviction becomes final and when a petitioner files a state application for post-conviction relief counts against the one-year limitation period. See, e.g., Holland v. Florida, 130 S. Ct. 2549, 2554, 2556 (2010); Hernandez v. Caldwell, 225 F.3d 435, 438 (4th Cir. 2000); Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). The statutory period then resumes after the state court of appeals denies post-conviction relief to a petitioner. See, e.g., Holland, 130 S. Ct. at 2556; Hernandez, 225 F.3d at 438.

Subsection (A) of section 2244(d)(1) requires the court to determine when petitioner's judgment became final. See 28 U.S.C. § 2244(d)(1)(A). Because Stevenson did not appeal to the North Carolina Court of Appeals, his conviction became final no later than April 10, 1995, when the fourteen-day time period to serve notice of appeal expired. See N.C. R. App. P. 4(a)(2) (providing

3

that notice of appeal may be filed within fourteen days of judgment); Gonzalez v. Thaler, 132 S. Ct. 641, 653–54 (2012). This date preceded the AEDPA's April 24, 1996, effective date, meaning that the one-year statute of limitations began to run on April 24, 1996. Brown v. Angelone, 150 F.3d 370, 375 (4th Cir. 1998). The statutory period then ran for 365 days until it expired. See, e.g., Minter v. Beck, 230 F.3d 663, 665 (4th Cir. 2000). Stevenson's recent state-court post conviction filing did not reopen his time for filing a habeas petition. See id. Accordingly, absent equitable tolling, Stevenson's petition is untimely.

Under AEDPA, the one-year statute of limitations is subject to equitable tolling. Holland, 130 S. Ct. at 2560–62. Equitable tolling applies only if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (quotation omitted); see Green v. Johnson, 515 F.3d 290, 304 (4th Cir. 2008). A court may allow equitable tolling under section 2244 "in those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Green, 515 F.3d at 304 (quotations omitted); see Jackson v. Kelly, 650 F.3d 477, 491–92 (4th Cir.), cert. denied, 132 S. Ct. 64 (2011). "[A]ny invocation of equity to relieve the strict application of a statute of limitations," however, "must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." Harris, 209 F.3d at 330.

Stevenson has not demonstrated diligent pursuit of his rights or any extraordinary circumstance that prevented him from timely filing his petition. Unfamiliarity with the legal process, lack of representation, and even illiteracy do not constitute grounds for equitable tolling. See, e.g., United States v. Sosa, 364 F.3d 507, 512–13 (4th Cir. 2004); Harris, 209 F.3d at 330–31 (collecting cases). Moreover, Stevenson's belief that "the AEDPA . . . does not apply" because he was not

4

prosecuted capitally is mistaken. The limitation period in section 2254(d) specifically applies to non-capital cases, and the only exemption is for habeas petitions that were pending on the date of the AEDPA's enactment. See, e.g., Lindh v. Murphy, 521 U.S. 320, 326 (1997); Hernandez, 225 F.3d at 437–39. Accordingly, Stevenson's August 1, 2013 petition is dismissed as time-barred.

As for Stevenson's request for appointment of counsel [D.E. 3], no right to counsel exists in habeas corpus actions. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Nonetheless, the court may appoint counsel if it determines that "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). This action does not present legally complex issues, and Stephens has set forth his claims adequately. Thus, the interests of justice do not require the appointment of counsel. Accordingly, the court denies Stevenson's request for appointed counsel. Stevenson's remaining motions lack merit and are denied.

III.

In sum, the court DISMISSES petitioner's application for habeas corpus relief [D.E. 1] as time-barred. The court DENIES petitioner's motions [D.E. 3–6] and DENIES a certificate of appealability. See 28 U.S.C. § 2253(c). The clerk shall close this case.

SO ORDERED. This _15_ day of March 2014.

_James C. Fox_
JAMES C. FOX
Senior United States District Judge