IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-HC-2171-F

| | | |
|---|---|---|
| ROGER STEVENSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| SORRELL SAUNDERS, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner's Motion for Relief [DE-9]. Petitioner, a State inmate, instituted this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 18, 2014, this court dismissed the petition as time-barred. Petitioner filed the instant Motion for Relief on March 27, 2014. The next day, Petitioner filed a Notice of Appeal [DE-10] of this court's March 18, 2014 Order.

As a general rule, the filing of a notice of appeal divests the district court of jurisdiction. Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982) (per curiam). Even so, the Federal Rules of Appellate Procedure explicitly recognize an exception, and Rule 4(a)(4)(B)(i) allows this court to decide the instant Motion for Relief while the appeal is pending. See Fed. R. App. P. 4(a)(4)(B)(i) (setting forth the procedures for the effect of a motion on a notice of appeal); see also Wheeler v. Accrediting Council for Continuing Educ. & Training, 70 F.3d 114, 114 (4th Cir. 1995) (per curiam) (holding that the pro se plaintiff's notice of appeal was not effective until the motion for new trial was resolved).

Rule 59(e) of the Federal Rules of Civil Procedure permits a court to alter or amend a

judgment. See Fed. R. Civ. P. 59(e). The decision to alter or amend a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See, e.g., Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 653 (4th Cir. 2002); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). The Fourth Circuit has recognized three bases for granting a motion to alter or amend a judgment under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available [previously]; or (3) to correct a clear error of law or prevent manifest injustice." Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007) (quotations omitted); see also Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).

As noted, this court found that Petitioner's petition was time-barred. In his instant Motion for Relief, Petitioner argues that he is entitled to relief through equitable tolling because he has no knowledge of the law. Pet'r. Mot. [DE-9] at 9. Petitioner further argues that the limitations period should be tolled because North Carolina Prisoner Legal Services refused to provide him with representation. Id. at 10. Petitioner has failed to show that there has been a clear error of law because neither unfamiliarity with the legal process nor lack of representation constitute grounds for equitable tolling. See, e.g., United States v. Sosa, 364 F.3d 507, 512-13 (4th Cir. 2004). Accordingly, Petitioner is not entitled to relief under Rule 59(e).

Alternatively, to the extent that Petitioner may be requesting relief under Rule 60(b) of the Federal Rules of Civil Procedure, such request is also denied. Rule 60(b) authorizes the court to "relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect; . . . [or] fraud . . . , misrepresentation, or misconduct by an opposing party . . . ." Fed. R. Civ. P. 60(b)(1), (3). Under Rule 60(b), "a moving party must

2

show that his motion is timely, that he has a meritorious [claim or defense] . . . , and that the opposing party will not be unfairly prejudiced by having the judgment set aside." Nat'l Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir. 1993) (quotations omitted); see Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 810 (4th Cir. 1988) (per curiam). If a party meets these threshold conditions, "he must satisfy one of the six enumerated grounds for relief under Rule 60(b)." Gray, 1 F.3d at 266. The court finds that Petitioner has not met the requisite threshold showings. Consequently, Petitioner is not entitled to relief under Rule 60(b).

For the foregoing reasons, Petitioner's Motion for Relief [DE-9] is DENIED.

SO ORDERED.

This the 21 day of November, 2014.

_____
JAMES C. FOX
Senior United States District Judge